UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

              - against-                              02 CR 1213 (RPP)

OSIRIS FERMIN, aka, JOSE HERNANDEZ,        **OPINION AND ORDER**

                                Defendant.
-------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On August 4, 2010, Petitioner Osiris Fermin, a/k/a Jose Hernandez, appearing pro se, moved for a reduction of sentence pursuant to The Fair Sentencing Act of 2010 and Title 18 U.S.C. § 3582(c)(2). Petitioner pled guilty to conspiracy to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §846 on March 12, 2003. Petitioner asserts that the Fair Sentencing Act of 2010, Pub. L. No. 111-222, 124 Stat. 2372 (2010) (the "FSA"), should be applied retroactively and that he should be resentenced as a consequence. The Government opposed the motion for reduction of sentence by letter dated September 7, 2010.  This Court finds that the FSA should not be construed to have retroactive effect and consequently denies Petitioner's request for a reduction in sentence.

       The FSA was enacted on August 3, 2010 and amends the Controlled Substances Act, 28 U.S.C. §§ 801–904 (1970), by revising the quantity thresholds that trigger statutory mandatory penalties for crack cocaine offenses. Pub. L. No. 111-222, § 1, 124 Stat. 2372 (2010).  The FSA also eliminated the mandatory minimum sentence for simple possession of crack cocaine. Id. § 2. Because Petitioner was not convicted for simple possession, the sole issue is whether the FSA should be construed to have retroactive effect thus making Petitioner eligible for resentencing

under the revised quantity thresholds. This issue was addressed by the Second Circuit in a recent case. See U.S. v. Glover, 2010 WL 4250060 *2 (2d Cir. 2010) (holding that the mandatory minimum in effect at the time the prisoner committed the offense applies and that the prisoner was not entitled to the benefit of the FSA).

This Court finds that the FSA does not apply retroactively because it is silent with respect to its retroactive effects. There is a well-established presumption against retroactivity. *Accord* AT & T Corp. v. Hulteen, 129 S.Ct. 1962, 1971 (2009) (holding the Pregnancy Discrimination Act does not apply retroactively). The Supreme Court has made clear that "retroactivity is not favored in the law" and that statutes "will not be construed to have retroactive effect unless their language requires this result." Bowen v. Georgetown University Hosp., 488 U.S. 204, 208 (1988) (invalidating a rule promulgated by the Secretary of Health and Human Service after holding the Medicare Act's general grant of authority to the Secretary to promulgate cost-limit rules contains no express authorization for retroactive rulemaking). The presumption against retroactivity "accords with widely held intuitions about how statutes ordinarily operate," and thus "[r]equiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." Hulteen, 129 S.Ct. at 1971, quoting Landgraf v. USI Film Products, 511 U.S. 244, 272-273 (1994).

The Savings Statute, 1 U.S.C. § 109, demands the same result. It provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

The Supreme Court has held that punishment imposed pursuant to a criminal statute constitutes a "penalty, forfeiture, or liability" under the Saving Clause. See Warden v. Marrero, 417 U.S. 653, 661 (1974). The statute would therefore bar the retroactive application of the FSA, since the FSA does not "expressly provide" that it has "the effect to release or extinguish" the previous penalty.

Petitioner suggests that the United States Sentencing Commission will amend the United States Sentencing Guidelines to give the FSA retroactive effect. However, the Sentencing Guidelines have not been amended. Consequently, Petitioner's sentence cannot be reduced on the basis of 18 U.S.C. § 3582(c)(2).

For the above stated reasons, Petitioner's motion for a reduction in sentence is denied.

SO ORDERED.

Dated: New York, New York
November /2, 2010

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**

**Osiris Fermin**
Reg. #52561-054
CI Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44501

**Neil Michael Barofsky**
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2200
Fax: (212) 637-0086